Clarence COX, Jr., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. C 80–0220 L(A).

United States District Court,
W. D. Kentucky,
Louisville Division.

Feb. 9, 1981.

James R. Wise, Louisville, Ky., for plaintiff.

Hancy Jones, Asst. U. S. Atty., Capt. Calvin M. Lederer, JAGC, Litigation Div., Louisville, Ky., Office Judge Advocate Gen., Washington, D. C., for defendant.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

After his administrative claim met with no success, plaintiff filed this action seeking damages for injuries suffered as a result of participation in a drug experimentation program operated by his employer, the United States Army. Defendant has moved to dismiss, or, in the alternative, for summary judgment.

While there are factual disputes, none is relevant to the present motion. The parties are in agreement that plaintiff enlisted in the Army in 1962, and that in 1964 he agreed to participate in some type of testing program, although there is disagreement as to the scope thereof. It is also agreed that, as part of the testing program, plaintiff received two doses of lysergic acid diethylamide (LSD) and two doses of atropine over a four-week period. Plaintiff was discharged from the Army in 1968. Plaintiff later received a letter dated April 26, 1976, informing the plaintiff that he had participated in LSD experiments while in the Army, and that a follow-up study was being conducted to determine whether there had been any long-term effects. According to plaintiff, he immediately responded that he wanted more information, but did not hear from the defendant again until he received their August 25, 1978 letter stating again that he had participated in LSD experiments and further stating that some participants had experienced long term adverse effects.

Defendant's first argument in support of its motion to dismiss is that the claim is barred under the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which precludes suit by a member of the armed services against the government for causes of action arising out of his military service. Plaintiff agrees that *Feres* would be a bar if he were claim-

ing damages based on the original administration of the drugs; however, plaintiff responds that his claim is for damage which occurred after termination of his connection with the military, and is, thus, unaffected by *Feres*.

It is unnecessary to decide whether plaintiff's approach is valid, since we have identified an independent reason why summary judgment must enter in favor of defendant. The Federal Tort Claims Act contains a limitations period of two years. If we assume that plaintiff is correct in his argument in response to the *Feres* doctrine, if we assume that he had a cause of action which arose after his discharge, and if we assume that the plaintiff is correct in his argument that the limitations period did not begin to run until he discovered the condition, we are still unable to accept the contention that the limitations period began to run as of the August 25, 1978 letter.

It is undisputed that defendant's letter of April 26, 1976 informed plaintiff of the identity of the experimental drug. Plaintiff also asserts that on May 18, 1977, he wrote a letter to defendant stating that he was experiencing unexplained medical problems. We are forced to the conclusion that at least as early as May 18, 1977, plaintiff was in possession of all information necessary to start the running of the two-year limitations period. Thus, his August 27, 1979 administrative claim was not timely filed, and the present claim must be dismissed.

In this holding, we reject plaintiff's argument that the limitations period did not begin to run until defendant had fully discharged a duty to advise plaintiff of the dangerous propensities of the drugs and to provide medical assistance to overcome any such effects. We are unable to find any authoritative support for such a theory. The rationale for tolling limitations during any period during which the condition or the possible cause thereof is concealed may not be stretched so far. We must conclude that the limitations period began to run, at the latest, when plaintiff became aware of medical problems and became aware of the identity of the drug.

We are familiar with the principle in this Circuit that questions regarding the Statute of Limitations ordinarily require the weighing of evidence. In this case, however, the facts supporting our decision are undisputed, and summary judgment for the defendant must be entered.